Powell *v.* Jones.

[ALBANY GENERAL TERM, September 7, 1863. *Gould, Hogeboom* and *Miller,* Justices.]

———————————◆————————

## POWELL *vs.* JONES.

The commentaries of a judge, at the circuit, upon the evidence, are not the subject of exception. If he inadvertently misstates the facts, the counsel should correct him, at the time. If he expresses an opinion upon the evidence, it cannot be reviewed on exceptions.

Although it is the duty of a judge, in charging a jury, to present fairly both sides of the case, yet his omission to refer to a particular portion of the testimony which is deemed material on the one side, without his attention being directed to it especially, is not a good ground for a new trial, it seems.

When a new trial will be granted, on the ground that the verdict was against the weight of evidence, or upon the ground of newly discovered evidence.

The newly discovered evidence which will justify the granting of a new trial must not be cumulative.

What is cumulative evidence. It seems that entirely new and positive testimony, seeking to contradict testimony given on the trial, and to show that it was untrue, cannot be deemed cumulative.

The rule in regard to cumulative evidence was adopted for the purpose of making parties vigilant in preparing their cases; and no diligence could guard against evidence which the defendant alleges is false.

Where the newly discovered evidence, as disclosed by the affidavits, is so conflicting that it probably would not produce a different verdict, a new trial would be of no avail; and the court should not disturb a verdict to give a party an opportunity to introduce testimony which would not be of any advantage to him, nor tend to promote the ends of justice.

Where the newly discovered evidence does nothing more than tend to impeach the character and credit of a witness, a new trial should not be granted.

---

Powell v. Jones.

---

THIS was an action brought by the plaintiff against the defendant to recover the sum of $320.03, which money the plaintiff alleged he had been compelled to pay to the sheriff of Ulster county, upon an execution issued upon a judgment, which had been recovered on a note of which the plaintiff and defendant were the joint makers, but which the plaintiff alleged he had signed solely for the accommodation of the defendant. The plaintiff claimed to recover the said money with interest from the 17th day of May, 1862, with costs. The answer was a general denial. The cause was tried at the Ulster circuit in January, 1863, before Mr. Justice GOULD and a jury, and resulted in a verdict in favor of the plaintiff for the sum of $334.60 damages. The following facts appeared in evidence. On the 30th day of January, 1862, one Dubois Hasbrouck recovered a judgment in the supreme court, against Powell and Jones, for the sum of $305.58, damages and costs, upon which an execution was issued and placed in the hands of the sheriff of Ulster county for collection. On this execution Powell paid to the sheriff the sum of $320.03 in satisfaction thereof. The judgment of Hasbrouck was recovered upon a note of which the following is a copy:

"$200.00. Four months after date, we, or either of us, promise to pay to Dubois Hasbrouck, or bearer, the sum of two hundred dollars, with interest from date.

Dated January 1st, 1855.          MARK W. POWELL,
                                  HUMPHREY S. JONES."

The note, though dated in 1855, was in fact made and executed on the first day of January, 1856. The plaintiff, to support his theory of the case that the note was the debt of the defendant to pay, produced in evidence a paper of which the following is a copy:

"*Lloyd, May 8th*, 1857.

$200.00. This paper witnesseth, that a certain note given by Mark W. Powell and Humphrey S. Jones to Dubois Has-

brouck, and indorsed by David Wurts, was drawn for the use of said Humphrey S. Jones, and the proceeds used by said Jones, who hereby acknowledges that he, said Jones, used the money, and will pay the said note of two hundred dollars, with interest.          HUMPHREY S. JONES."

The defendant, on the other hand, maintained that the note, which Powell was compelled to pay, was made for the benefit of Powell, and that the paper introduced in evidence referred to another note which Powell had signed for his accommodation, and David Wurts had promised to indorse for him, and on which he expected to obtain the money of the same Dubois Hasbrouck, which note he did not use but destroyed. The note which the plaintiff paid was not indorsed by any one. It was left, however, with Wurts, who said he could get the money if he indorsed it.

There was a conflict in the evidence in respect to the main facts of the case. The jury rendered a verdict in favor of the plaintiff, for the amount of the note and interest. The exceptions taken on the trial will appear in the opinion. The defendant moved for a new trial at special term, upon a case and on affidavits of newly discovered evidence. The motion was denied, and the defendant appealed from the judgment, and from the order denying a motion for a new trial. The case was submitted upon written points.

*T. R. Westbrook*, for the appellant and defendant.

*W. E. Corlies*, for the respondent and plaintiff.

*By the Court*, MILLER, J. The judge at the circuit charged the jury that in this case all depended on the paper of May 8, 1857. "If that refers to the note, which the plaintiff says it does, that ends the case, and the plaintiff is entitled to your verdict. If Jones' account of that paper be the true one, then you give your verdict for the defendant." He also said to the jury as follows: "Jones' account of that paper is in direct contradiction to the tenor of the paper

Powell *v.* Jones.

itself, which says that he received the money; and it will take you, or any one, a long time to believe any man's memory in contradiction to his written statement, made at the time of the transaction, and when he must have known what he was signing." The defendant excepted to the last part of the charge.

That portion of the charge to which the exception was taken, was a commentary of the judge upon the evidence given on the trial. I am not quite clear that the expression, "at the time of the transaction," referred to the time of the making of the note, instead of the execution of the instrument. Conceding, however, that it will bear such a construction, it was at most but an inadvertent misstatement of a fact, about which there was no dispute, which could have been easily corrected at the time, if the judge's attention had been called to it. It has been repeatedly held that the commentaries of a judge at the circuit, upon the evidence, are not the subject of exception. If he inadvertently misstates the facts, the counsel should correct him at the time. If he expresses an opinion upon the evidence, it cannot be reviewed on exceptions. (*Nolton* v. *Moses,* 3 *Barb.* 34. *Jackson* v. *Timmerman,* 12 *Wend.* 301.) A party who is dissatisfied with the expression of an opinion by a judge, must express that dissatisfaction, not by excepting to the charge of the judge on that point, but by asking to have the question of fact submitted to the jury for their determination. (*Dows* v. *Rush,* 28 *Barb.* 180.) The defendant's counsel failed to make a request that the question of fact be submitted to the jury, and I think the judge's charge virtually left the whole matter for them to decide.

It is urged that from the judge's stating that Jones' version of the memorandum was at war with its express language, and failing to state that the story of Powell, in regard to it, was equally in conflict with its terms, the jury would naturally infer that Powell was to be believed rather than Jones. If such was the case, it must have arisen in part from the defendant's neglect to ask the judge to correct

the alleged error, and his failure to request the judge to state that there was a conflict in the evidence.

Although it is the duty of a judge, in charging a jury, to present fairly both sides of a case, yet I am not aware that his omission to refer to a particular portion of the testimony, which is deemed material on the one side, without his attention being directed to it especially, is a good ground for a new trial. It is scarcely expected that a charge should at all times cover every material fact in the case, and that there should be no omissions. But even if there was good ground for such a rule, I think it was not available in this case, because the defect alleged by the defendant's counsel had been fully covered by the previous portion of the charge. The judge had referred to Jones' statement, and said if it was true the jury should find for the defendant. The whole charge substantially left the question to the jury, and I think was not erroneous.

It is said that the verdict was clearly against the weight of the evidence. The evidence, upon the trial, was conflicting. Most of the material facts appear to have been controverted. There was a question of credibility involved. Upon a careful examination of the case I am not prepared to say that there was such a preponderance of testimony as would authorize an interference on that account. The court is reluctant to set aside the verdict of a jury because they have erred in weighing evidence; nor do they feel at liberty to do this where the jury have passed upon a mere question of fact, unless they see that the verdict is clearly against the evidence, or that it is apparent their minds were not open to reason and conviction, or that an improper influence, from some cause or other, was brought to bear on their deliberations. (*Gra. & Wat. on New Tr.* 206, 207.) I do not think a case of that kind is here presented.

The defendant asks for a new trial upon the ground of newly discovered evidence. He swears that he did not anticipate the evidence given by the plaintiff, and was surprised

Powell *v.* Jones.

thereby, and he produces an affidavit to show that the testimony given upon the trial of the cause, in regard to the sending of the money to the defendant, is entirely untrue. He also furnishes an affidavit of another witness, in corroboration of his own evidence, in reference to the execution of the receipt.

The plaintiff contradicts the affidavit as to the sending of the money, by an affidavit showing that it was actually delivered to the person who swears she did not receive it. He also impeaches, quite successfully I think, the witness swearing to the execution of the receipt. He also produces another affidavit showing declarations and acts of the defendant inconsistent with his defense. The case is thus virtually tried over again upon conflicting affidavits, and it is difficult to see how far this new evidence on both sides might affect a jury upon another trial, and whether substantial justice would be promoted by granting a new trial.

Motions for a new trial upon the ground of newly discovered evidence address themselves to the sound discretion of the court, and the court should be satisfied that to promote the ends of justice an opportunity should be allowed for the introduction of the new testimony offered. (*Gra. & Wat. on New Tr.* 462, 1085, 1086.)

Among the other essential requisites it is necessary that the evidence should not be cumulative, and that it is so material that it would probably produce a different verdict if the new trial were granted. (*Gra. & W. on New Tr.* 1021.)

Conceding that the affidavits of the defendant establish all the other particulars, except those I have just referred to, it is an important inquiry whether they are essentially sufficient in these material requisites.

As to the evidence being cumulative, I do not think it is entirely clear that the testimony, as to the money being sent to the defendant, can be considered as within this definition. (*See The People* v. *Superior Court of N. Y.* 5 *Wend.* 127. 10 *id.* 292, 294, 295.)

Upon the trial the plaintiff swore that he sent $130 to the defendant by his mother. The defendant testified that he never received the money. Here was no contradiction. The defendant now proposes to prove by his mother that she did receive the money from the plaintiff. Can such testimony be regarded as cumulative? If it can, upon what point was it cumulative? The defendant, upon the trial, had not sought to contradict the plaintiff's evidence upon this precise subject. He had introduced no evidence as to that branch of the case. He swears that he did not anticipate this evidence, and was surprised by it, and proposes to show that it was false and untrue. For the first time he seeks to contradict it by entirely new and positive evidence. The rule in regard to cumulative evidence was adopted for the purpose of making parties vigilant in preparing their cases, and no diligence could guard against evidence which the defendant alleges is false. I have considerable doubt whether the pro-posed evidence can be considered as cumulative testimony.

As to the evidence alleged to be newly discovered producing a different verdict, I am inclined to the opinion that with the conflicting testimony, shown by the affidavits of the plaintiff, it probably would not affect the result. A new trial under such circumstances would be of no avail, and this court should not disturb a verdict to give an opportunity to introduce testimony which would be of no advantage to the party, or tend to promote the ends of justice.

I entertain great doubt whether the evidence, after all, does any thing more than tend to impeach the character and credit of a witness, and hence, under the rules applicable to that subject, a new trial should be denied, for that reason.

Upon the whole, I am of the opinion that no legal error, to the prejudice of the defendant, was committed upon the trial, and that the judgment of the circuit court should be affirmed, and the motion for a new trial denied, with costs.

[ALBANY GENERAL TERM, September 7, 1863. *Gould, Hogeboom* and *Miller,* Justices.]