## SUPREME COURT.

ROBERT V. ANDERSON agt. THE MARKET NATIONAL BANK.

*New trial — Rule as to granting, on the ground of surprise or newly discovered evidence.*

New trials are only granted where surprise arises in relation to the facts proved, and not where surprises arise in relation to the rulings of the judge upon points of law.

Where, upon a trial, the plaintiffs had stated they would go to the jury upon the evidence as it then stood, and the court adjourned till the next day for counsel to address the jury, another judge at special term should not grant a new trial for the refusal of the trial judge to open the case the day following and take further evidence, when the witness on the other side upon the same subject has been dismissed the court and had left the state.

The granting of new trials upon the ground of newly discovered evidence is generally, if not universally, confined to cases where the newly discovered evidence has an application to the issues that have been tried, rather than to cases where the new evidence is alone applicable to an issue that is to be framed hereafter by amendment, and which the court may or may not allow.

The rule is that courts will not grant a new trial unless the newly discovered evidence would probably change the result of the former trial.

*New York Chambers, November*, 1883.

*Wakeman & Latting*, for defendants.

*Niles & Bagley*, for plaintiff.

POTTER, *J.* — This is a motion for a new trial upon the grounds, as stated in the notice of motion : " First. Of newly discovered facts and evidence." " Second. Upon the grounds of surprise as to the rulings of the court." I have read the papers furnished upon the motion with some degree of attention and care on account of the nature of the controversy and the position of the parties and their counsel; and I am brought to the conclusion that, tested by the well settled rules governing applications for new trials upon the ground

of surprise and newly discovered evidence, this application must be denied.

The action was brought to recover of the defendant the proceeds of two checks negotiated at defendant's bank, and placed to the credit of one Haigh, upon the distinct allegations in the complaint that said checks and their proceeds belonged to plaintiff, were delivered to said Haigh for the purpose of paying two certain notes on which plaintiff was liable, and falling due the day the checks were delivered to Haigh, and that the same were diverted from the purpose for which they were delivered to Haigh, and the proceeds appropriated to his own use by being placed to his credit at the bank, and the bank had notice of these facts. The answer was a denial of these allegations.

The principal issue, and the one upon which the action would be mainly and obviously determined, was whether the bank had notice. Now it behoves the parties to produce the evidence upon the trial in relation to notice to the defendant. Each party produced such evidence as he had or thought it advisable to produce and rested. Then, as is usual, came requests from both parties that the court direct the jury how to find, and what to find; and that led to a discussion between the counsel, and to some intimations from the court in relation to the evidence and the principles of law involved in the case, as to the liability of the defendant, if it paid the proceeds of these diverted checks to said Haigh or his assigns after notice. It does not seem to me there was anything very novel or surprising in the intimations of the court upon the occasion. Still the defendant's cashier, who was in court at the time, and had been used by the defendant as a witness upon the question of notice, makes an affidavit upon this motion that he was taken by surprise at the judge's rulings upon the subject of notice. I am myself somewhat surprised at his sworn statements that he was surprised by the rulings. I observe, however, that the defendant's counsel does not state in his affidavit that he was surprised at the

rulings, though perhaps he was, but is not willing to confess it. Still there need not be much delicacy about it, for I imagine that counsel, both the unlearned and the learned, are frequently surprised at the judge's ruling; the former that so many of the rulings are sound, and the latter that so few of them are sound. But new trials are only granted where surprise arises in relation to the facts proved, and not where surprises arise in relation to the rulings of the judge upon points of law. If the latter practice should come to prevail, there would, indeed, be " no end to litigation."

After the discussion had taken place and the court had intimated its views, both parties substantially stated they would go to the jury upon the evidence as it then stood, and the court was adjourned till the next day for counsel to address the jury. The next day the defendant's counsel desired to put in some further proof upon the subject of notice. The court refused the application, upon the ground (among others, probably) that the plaintiff's witness upon that subject had been dismissed the court and had left the state; and I do not think another judge at special term should grant a new trial on account of the refusal of the trial judge to open the case and take further evidence under the circumstances. Another ground on which a new trial is asked is that of newly discovered evidence. It is the misfortune of this newly discovered evidence that it has no relation to the question of notice or tendency to relieve the defendant's grievance in not being allowed to put in further evidence upon that point; nor has the newly discovered evidence any relevancy to the pleadings in the case. The newly discovered evidence has relation to payment, by the assignee of Haigh, of the plaintiff's claim against the defendant. There is no allegation or pretense of payment in the answer, and in order to make it relevant, defendant gives notice that he applies for an amendment of the answer, to make the newly discovered evidence relevant and admissible upon the new trial.

The granting of new trials upon the ground of newly dis-

covered evidence is generally, if not universally, confined to cases where the newly discovered evidence has an application to the issues that have been tried, rather than to cases where the new evidence is alone applicable to an issue that is to be framed hereafter by amendment, and which the court may or may not allow. It would be somewhat embarrassing for the court to grant a new trial with a view to another trial upon another issue, and the court should refuse to allow the new issue to be framed.

But there are other objections to granting a new trial for the purpose of pleading payment, which cannot be disregarded without departing from the established rules of practice. This action was commenced in March, 1880. Haigh made an assignment for the benefit of his creditors, including plaintiff for the amount of these two misappropriated checks, in December preceding, and it is claimed (but denied under oath) that the assignee paid some $1,790 to the plaintiff upon this claim. The trial was had in April, 1883. The defendant knew of the assignment, and actually paid to the assignee two thousand and more dollars, out of the proceeds of the diverted checks. The defendant and assignee live in New York city. How is it that the defendant never learned of this payment until after this trial, and its counsel was not instructed to plead payment to that extent? If it was learned so soon after the trial, why was it not learned in the two years or more that elapsed between the commencement of the action and the trial? The affidavit of defendant fails to show how or by what means it was learned at all, and are entirely silent as to whether any inquiry was ever made of the assignee or anyone to ascertain whether anything had been paid or not. There is no diligence or effort shown upon the part of defendant to learn whether payment had been made. But a complete answer to the application presents itself in this, that it is positively sworn by Mr. Barber, who is in a position to know, that not one cent has been paid by the assignee upon this claim, either in cash or indirectly

by the issue of stock to plaintiff. Now, the rule is that courts will not grant a new trial unless the newly discovered evidence would probably change the result of the former trial. Hence, if the pleadings were amended so as to admit of proof of payment, payment in fact would not be proved.

The motion must be denied, with ten dollars costs.