## RICH v. MAYER.

### (City Court of New York, General Term.  October 3, 1889.)

**1. BREACH OF MARRIAGE PROMISE—PRIOR UNCHASTITY.**
Cohabitation by plaintiff prior to the promise constitutes no defense to an action for breach of marriage promise, where the promise was made with knowledge of the fact.

**2. SAME—PARTIES—NAME.**
A divorced woman may assume her maiden name, and sue thereunder for breach of marriage promise.

**3. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.**
A new trial will not be granted defendant upon affidavits containing admissions alleged to have been made by plaintiff, which were detrimental to her, and unnecessary for her to make, and which she denies having made, as such evidence would not probably affect the result.

Appeal from trial term.

Action by Mary Rich against John Mayer for breach of marriage promise. Defendant appeals from a judgment for plaintiff, and from an order denying a motion for a new trial on the ground of newly-discovered evidence.

Argued before McADAM, C. J., and NEHRBAS and McGOWN, JJ.

*M. A. Gearon*, for appellant.    *A. P. Wagener*, for respondent.

PER CURIAM. The action is for breach of a promise to marry. It appears that the plaintiff entered the defendant's employ to nurse his sick wife, who subsequently died. The plaintiff, at the time, had a husband, who annoyed her while in the defendant's house. The plaintiff proposed to get a divorce from him, and the defendant furnished part of the money required to get it. The plaintiff swears that, when the divorce was obtained, the decree was handed to her by the defendant, who promised to marry her; that he gave her a locket, containing his picture, and took liberties with her which a disinterested person would not be apt to attempt. The defendant subsequently refused to marry her. There is no doubt about the breach, and the plaintiff was corroborated by her mother in respect to the promise. The defendant undertook to prove, as an excuse for non-performance, that the plaintiff was a lewd woman, and had intercourse with other men. She denied this; and the jury, as they had the right to do, disbelieved the evidence offered by those who assailed her character, and believed the plaintiff when she testified that their statements were without the slightest truth. At the time the promise was made, both parties were in a legal condition to make a contract. The defendant had lost a good wife; and the plaintiff, by divorce, had been forever separated from a bad husband. Both had their experience in the marital relation, and were in a condition to act intelligently. If the defendant did not intend to marry the plaintiff, he certainly exhibited great interest in her divorce proceeding, and, by presenting his picture in a locket, endeavored to impress himself upon the plaintiff as a warm friend, if not admirer. There was certainly evidence enough to warrant the jury in concluding that his intentions were honorable, and that marriage was contemplated. The jury awarded $1,500 damages. Considering the latitude that juries have in cases of this kind, (3 Suth. Dam. 316,) we cannot say that they did not exercise their best judgment, or that the damages are not within reasonable limits. They do not evidence passion or prejudice, and are not excessive; on the contrary, they seem to be moderately fair, in view of the proofs, and the nature of the defense attempted to be established. Id. 320, and cases cited. The alleged cohabitation by the plaintiff prior to the promise constitutes no defense, for the promise was made with knowledge of the fact. Id. 326, and cases cited. If the defendant did not promise to marry the plaintiff, he has, by his conduct, given strong corroboration to the testimony of the plaintiff and her mother, wherein they swear that he did make the promise. The finding of the jury, upon the evidence, is satisfactory, and the motion for a new trial was properly denied.

The only exception that requires consideration is the denial of the motion to dismiss, on the ground that the action was brought in the plaintiff's maiden name, and not in that of her divorced husband. She had no husband at the time the promise was made or action commenced, and there was no impropriety or illegality in thereafter assuming her maiden name. *In re Snook,* 2 Hilt. 566. A name is that by which we distinguish a particular individual, (Bouv. Law Dict. tit. "Name;") and if, in making a contract, a person uses a name, he will not be permitted to say that it is not his name. Id. The correct party is before the court. The objection did not appear on the face of the complaint, and was not formally taken by answer, (Code, § 419,) and must be regarded as waived. The objection is formal, not substantial; and an amendment might have been allowed at the trial, (Id. § 723,) or could be made even now, to sustain the judgment, (Id.) But we do not regard any amendment as necessary. *Nil facit error nominis cum de corpore constat.* At common law a person may lawfully change his name. He is bound by any contract into which he may enter in his adopted or reputed name, and by his recognized name he may sue or be sued. See cases cited in Anderson's Dictionary, tit. "Name." The plaintiff had procured a divorce from a bad husband, and judiciously dropped his bad name, and resumed that given by her

parents. It was, in effect, the resumption of her original name by operation of law, rather than choice or fancy. It was certainly not a change made for sinister or ulterior motives, but one that is praiseworthy and commendable. The marriage relation gave her the name she bore during its continuuance. Its dissolution restored her former rights, one of which was the liberty of bearing her family name, and this privilege she has seen fit to exercise. Upon the entire case, we are of opinion that the judgment and order appealed from should be affirmed, with costs.

### APPEAL FROM ORDER DENYING MOTION FOR NEW TRIAL.

PER CURIAM. The affidavits of Weismantel and Kennell, upon which the new trial is sought, state admissions alleged to have been made to them by the plaintiff, to the effect that the defendant had never promised to marry her, but that she was going to make the defendant pay anyhow. The plaintiff denies making any such admission; and it is so repugnant to her interest, and so unnecessary to make such admission, that it is not at all likely that their evidence would be credited, and a different result induced. Judge MARCY, in *Guyot* v. *Butts*, 4 Wend. 579, said: "I feel the force of the objection to letting in proof of the declarations of the parties. In ordinary cases we should be disposed to take a stand against an application like the present." This is an ordinary case of breach of promise to marry, and the remarks are suggestively pertinent. Admissions are so often misinterpreted or misunderstood, and sometimes extended, that they have been found in many cases to be unreliable, and not, as a rule, controlling. At all events, we are satisfied that the proposed evidence would not materially affect the result upon a new trial, if one were ordered; and this is the crucial test on a motion of this character. *Bank* v. *Heaton*, 6 Thomp. & C. 37; *Anderson* v. *Bank*, 66 How. Pr. 8; *Powell* v. *Jones*, 42 Barb. 24. It follows that the order appealed from must be affirmed, with costs.