Per Curiam.
The affidavits of Weismantel and Kennell, upon which the new trial is sought, state admissions alleged to have been made to them by the plaintiff, to the effect that the defendant had never promised to marry her, but that she was going to make the defendant pay anyhow. The plaintiff denies making any such admission, and it is so repugnant to her interest, and so unnecessary to make such admission, that it is not at all likely that their evidence would be credited, and a different result induced.
• Judge Marcy, in Guyot v. Butts, 4 Wend, 579, said: “I feel the force of the objection to letting in proof of the declarations of the parties. In ordinary cases we should be disposed to take a ■stand against an application like the present.” This is an ordinary case of breach of promise to marry, and the remarks are suggestively pertinent. Admissions are so often misinterpreted *110 or misunderstood, and sometimes extended, that they have been found in many cases to be unreliable, and not as a rule controlling. At all events, we are satisfied that the proposed evidence would not materially affect the result upon a new trial, if one were ordered, and this is the crucial test on a motion of this character. First Nat. Bank v. Heaton, 6 T. & C., 37; Anderson v. Market Nat. Bank, 66 How. Pr., 8; Powell v. Jones, 42 Barb., 24.
It follows that the order appealed from must be affirmed, with costs.
McAdam, Ch. J., Nehrbas and McGown, JJ., concur.